UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELVIN SINGLETON #95908                          CIVIL ACTION

versus                                           NO. 09-1631

ROBERT TANNER, WARDEN, RCC                       SECTION: "J" (1)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Melvin Singleton, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana. On October 10, 2001, he was convicted of simple

burglary of an inhabited dwelling in violation of Louisiana law.[1] On October 23, 2003, he pleaded guilty to being fourth offender and was sentenced as such to a term of twenty years imprisonment without benefit of probation or suspension of sentence.[2] On March 30, 2004, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence.[3] Petitioner did not seek review of that judgment by the Louisiana Supreme Court.

On or about September 24, 2004, petitioner filed with the state district court a "Motion to Correct an Illegally [sic] Multiple Offender Adjudication."[4] That motion was denied on September 30, 2004.[5]

On March 30, 2006, petitioner, through counsel, filed with the state district court an application for post-conviction relief.[6] That application was denied on September 19, 2006.[7]

---

[1] State Rec., Vol. III of IV, transcript of October 10, 2001, p. 75; State Rec., Vol. I of IV, minute entry dated October 10, 2001; State Rec., Vol. I of I, jury verdict form.

[2] State Rec., Vol. I of IV, minute entry dated October 23, 2003; State Rec., Vol. I of IV, guilty plea form.

[3] State v. Singleton, 871 So.2d 596 (La. App. 5th Cir. 2004) (No. 03-KA-1307); State Rec., Vol. I of IV.

[4] State Rec., Vol. I of IV.

[5] State Rec., Vol. I of IV, Order dated September 30, 2004.

[6] State Rec., Vol. I of IV.

[7] State Rec., Vol. II of IV, Order dated September 19, 2006.

On August 20, 2007, petitioner filed with the state district court a *pro se* application for post-conviction relief.[8] That application was denied on August 31, 2007.[9] Petitioner's related writ applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on February 1, 2008,[10] and the Louisiana Supreme Court on November 14, 2008.[11]

On January 11, 2009, petitioner filed the instant federal application for *habeas corpus* relief. In support of his application, petitioner claims that his counsel was ineffective for failing to call Donald Ashley to testify at trial.

The state contends that petitioner's federal application is untimely.[12] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[8] State Rec., Vol. II of IV.

[9] State Rec., Vol. II of IV, Order dated August 31, 2007.

[10] Singleton v. State, No. 07-KH-810 (La. App. 5th Cir. Feb. 1, 2008); State Rec., Vol. II of IV.

[11] State *ex rel.* Singleton v. State, 996 So.2d 1085 (La. 2008) (No. 2008-KH-0496); State Rec., Vol. IV of IV.

[12] Rec. Doc. 9. The state also argues that petitioner's federal application is subject to dismissal because he failed to exhaust his state court remedies. That alternative argument need not be addressed, because the Court agrees that the application is clearly untimely.

– 3 –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Reviewing petitioner's application, the Court finds that subsections (B), (C), and (D) are clearly inapplicable.

As to subsection (B), there is no allegation that petitioner's ability to file a post-conviction application was impeded by any action of the State.

As to subsection (C), petitioner's claims do not involve a newly recognized constitutional right.

The Court also finds that subsection (D) is inapplicable because petitioner's claim does not rely on a factual predicate previously unknown to him. Out of an abundance of caution, the Court expressly notes that an affidavit referenced by petitioner in his state post-conviction proceedings does not qualify as a "factual predicate" of his claim for purposes of subsection (D).

In those state proceedings, petitioner argued that he was entitled to relief based on "newly discovered evidence," i.e. an affidavit from Donald Ashley. Purportedly, that affidavit showed that Ashley and petitioner were drinking on the porch when they heard noise coming from

a neighboring property. Ashley then called 911 while petitioner went to the property to investigate. When the police arrived, petitioner was seen exiting the property and was arrested. Petitioner opines that Ashley's affidavit proves he was not the burglar.

The state district court rejected petitioner's contention on two grounds. First, the court noted that petitioner did not attach the purported affidavit to his post-conviction application. Second, the court noted that, even if the affidavit had been submitted, it would not qualify as "newly discovered evidence" because petitioner "knew the existence and location of Mr. Ashley back in 2001."[13] In rejecting the claim, the Louisiana Fifth Circuit Court of Appeal likewise noted:

> Regarding the Ashley claim, relator admits that his attorney knew of this witness before trial. He states: "On October 10, 2001 before trial began, the defense counsel requested the court subpoena Mr. Donald Ashley to testify on behalf of defendant." Furthermore, the closing arguments in the record reveal that counsel was aware of the 911 call. Thus, the trial judge did not err in finding these claims did not meet an exception to the time bar.[14]

Those same factors are determinative in this federal proceeding. First, the purported affidavit still has not been produced. Second, even if it were produced, the affidavit is merely evidence in support of petitioner's claim, not its "factual predicate." If, as alleged, Ashley and petitioner were together and heard the burglary occurring, that arguably is a "factual predicate" of his claim; however, that fact was known to petitioner even before he was arrested. It is of no consequence under subsection (D) that petitioner did not have supporting evidence to prove that fact,

---

[13] State Rec., Vol. II of IV, Order dated August 31, 2007, p. 1.

[14] Singleton v. State, No. 07-KH-810, at p. 2 (La. App. 5th Cir. Feb. 1, 2008); State Rec., Vol. II of IV.

such as Ashley's affidavit, until some unspecified later time. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998) (under subsection (D), *knowledge* of the factual predicate is the triggering event; the subsection does not convey a statutory right to an extended delay for the gathering of supporting evidence); see also Poree v. Miller, Civ. Action No. 05-3701, 2007 WL 1139749, at *4-5 (E.D. La. Apr. 17, 2007). Therefore, subsection (D) is inapplicable.

Accordingly, subsection (A) is applicable in the instant case. As noted, that subsection provides that a petitioner's federal application must be filed within one year of the date on which his underlying criminal judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Here, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence on March 30, 2004. Therefore, at the latest, the underlying state criminal judgment in this case became final on April 29, 2004, when his thirty-day period expired for filing a writ application with the Louisiana Supreme Court to challenge the judgment of the Court of Appeal. See Louisiana Supreme Court Rule X, § 5(a); see also Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).[15] Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's federal limitations period commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-

---

[15] The rules of the Louisiana Supreme Court provide in pertinent part: "An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal." Louisiana Supreme Court Rule X, § 5(a). The Court of Appeal mailed notice of its judgment on March 30, 2004. State Rec., Vol. III of IV, certificate of mailing.

conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

In the instant case, one hundred forty-seven (147) days of the federal limitations period elapsed prior to being tolled on September 24, 2004, by petitioner's filing of the "Motion to Correct an Illegally [sic] Multiple Offender Adjudication."[16] Although that application was denied on September 30, 2004, tolling continued until November 2, 2004, when his thirty-day period expired for seeking review of the trial court's denial by filing a writ application with the intermediate appellate court. See Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon v. Kaylo, 259 F.3d 401, 404-06 (5th Cir. 2001); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *3 & n.24 (E.D. La. Aug. 15, 2007).[17]

At that point, petitioner had only two hundred eighteen (218) days of the limitations period remaining, meaning that his federal limitations period expired on June 8, 2005, unless that deadline was again extended by additional tolling.

---

[16] The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and so such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). In the instant case that date is not known, and petitioner did not date his motion; however, the motion was stamped as filed by the clerk of court on September 24, 2004. In the absence of any contrary evidence, the Court will use that date as the approximate date of filing. In the case, the use of an approximate filing date presents no problem, because petitioner's federal application is *extremely* untimely.

[17] In this case, the thirtieth day of that period fell on a Saturday. Due to that fact and the fact that the following Monday, November 1, was a legal holiday (All Saints' Day) in Louisiana, petitioner had until Tuesday, November 2, to file his writ application. See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

Petitioner had no state applications for post-conviction relief or other collateral review pending at any time during the period from November 3, 2004, through June 8, 2005. Accordingly, he clearly was not entitled to further statutory tolling.[18]

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before June 8, 2005, in order to be timely. Petitioner's federal application was not filed until January 11, 2009, and it is therefore untimely.

---

[18] The Court notes that petitioner filed state post-conviction applications in 2006 and 2007; however, state applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of a *habeas* petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Melvin Singleton be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of June, 2009.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**